SOUTHERN LUMBER COMPANY *v.* CASH, COMMISSIONER OF LABOR.

5-961                                        290 S. W. 2d 11

Opinion delivered May 14, 1956.

*Williamson & Williamson* and *W. H. Howard,* for appellant.

*Luke Arnett* and *Clifton Bond,* for appellee.

SAM ROBINSON, Associate Justice. A local office of the Employment Security Division of the State Labor Department denied compensation to certain employees on strike. The issue here is whether there was a valid appeal to the Board of Review.

Prior to July 27, 1953, C. F. Douglas, W. O. Moore, C. R. Wolfe, John L. Wolfe and Elmer Wolfe, hereinafter referred to as the appellees, were employees of the Southern Lumber Company. At that time, they went out on strike, along with about 175 other employees. A short time later, appellees and the others on strike applied to the local office of the Employment Security Division for unemployment benefits. Their application was denied on the ground that they were directly involved in a labor dispute, causing the work stoppage. On September 1, 1953, the appellees, with the other

strikers, filed an appeal with the Board of Review. On November 12, 1953, the strike was called off, but the appellees were not re-employed although they repeatedly sought to return to work. The evidence is convincing that it was not because of any fault on their part that they were not re-employed. All of the original strikers withdrew their appeal to the Board of Review except the appellees in the case at bar. They continued to sign for unemployment compensation. Moore signed nineteen times.

In March 1954, the fact that these appellees were not being paid unemployment benefits was called to the attention of Mr. Robert B. Taylor, representative of labor. He inquired of the local office of the Employment Security Division as to the reason these men were not being paid benefits. Following this inquiry, in the early part of April 1954, the local board issued an order denying benefits to the appellees on the ground that they were disqualified because they had voluntarily quit their employment without just cause. On April 9, 1954, Mr. M. P. Filiatreau, Chief of Benefits of the Employment Security Division, wrote to Mr. Taylor, as follows: "On March 31 you wrote this office requesting information regarding the denial of benefits to individuals who were involved in the labor dispute at the Southern Lumber Company of Warren, Arkansas. According to our records there are five individuals who were denied benefits under Section 5 (a) of the Arkansas Employment Security Law following the termination of the stoppage of work caused by the labor dispute. Each of these cases has been appealed to the Appeals Tribunal and is subject to review by that body."

Following Mr. Filiatreau's letter, the matter was set for a hearing before the Board of Review. The appellant, Southern Lumber Company, contended that, actually, there had been no appeal by the appellees from the order denying compensation on the ground that they voluntarily quit without just cause. No other reason was given in support of the contention that compensation should be denied. The Board of Review ruled in favor

of the appellees; the lumber company appealed to Circuit Court, where the ruling of the Board of Review was affirmed, and the company has appealed to this court.

Appellant contends that, although the appellees appealed from the first order of the local office denying compensation on the ground that they had participated in a labor dispute causing work stoppage, there was no appeal from the order denying compensation on the ground that they had voluntarily quit their work without good cause. To say that appellees took no appeal to the Board of Review on the question involved would be disposing of the case on an extreme technicality. Soon after appellees stopped work, they applied for compensation; it was denied; they appealed; they never returned to work; they never withdrew their appeal. There is no sound reason why they should have to take a second appeal. At all times after the appeal, there was a controversy pending before the Board of Review between appellant, on the one hand, and appellees, on the other, as to whether compensation should be paid. The Board of Review had full authority to settle all controversies existing between the parties at the time of the hearing on appeal. It would be contrary to the spirit of the act to hold otherwise. Of course, if one of the parties pleads surprise and requests additional time to prepare on some issue he has not deemed as pending on appeal, his request should be given full consideration. But, in this case, there was no indication that there was any defense to the claims for compensation except the issue of whether there was a valid appeal. The Board of Review and the Circuit Court were correct in holding that the appeal which was pending and undisposed of, involving the question of whether appellees were entitled to benefits, was sufficient to give the Board of Review jurisdiction to determine whether the local office was correct in denying benefits for any cause.

Affirmed.